**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **SCRAMOGE TECHNOLOGY LTD.,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **CIVIL NO. 6:21-CV-1071-ADA** |
| | § | |
| **APPLE INC.** | § | |
| *Defendant.* | § | |

| | | |
|---|---|---|
| **AIRE TECHNOLOGY LIMITED,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **CIVIL NO. 6:21-CV-01101-ADA** |
| | § | |
| **APPLE INC.** | § | |
| *Defendant.* | § | |

| | | |
|---|---|---|
| **XR COMMUNICATIONS LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **CIVIL NO. 6:21-CV-00620-ADA** |
| | § | |
| **APPLE INC.** | § | |
| *Defendant.* | § | |

**<u>SUPPLEMENTAL CONSOLIDATED OPINION DENYING MOTION TO STAY</u>**

The Court issues this supplemental consolidated opinion explaining its reasoning for having **DENIED** three similarly situated motions to stay pending mandamus review. *Scramoge Tech. Ltd. v. Apple Inc.*, No. 6:21-cv-1071-ADA (W.D. Tex. Sept. 8, 2022) ECF No. 58 (hereinafter "*Scramoge Case*"); *Aire Tech. Ltd. v. Apple Inc.*, No. 6:21-cv-01101-ADA (W.D. Tex. Sept. 9, 2022) ECF No. 55 (hereinafter "*Aire Case*"); *XR Communications LLC v. Apple, Inc.*, No. 6:21-cv-00620 (W.D. Tex. Sept. 7, 2022) ECF No. 70 (hereinafter "*XR Case*").

**Background**

In each of these three cases, Apple moved for transfer relying on the same 30(b)(6) venue declarant, Mr. Mark Rollins, that Apple repeatedly used in so many cases that the Court no longer believes that he does any substantive investigation when preparing his declarations or when preparing for his depositions. *Scramoge Tech. Ltd. v. Apple Inc.*, No. 6:21-CV-00579-ADA, 2022 WL 1667561, at *2 (W.D. Tex. May 25, 2022) (explaining history of problems with Mark Rollins). Thus, in these three cases, the Court has modified the schedule to open discovery before having the parties re-brief the transfer motion.  Fact discovery will allow the parties to find the relevant evidence and witnesses that bear on the transfer factors rather than speculate about them.  The Court has decided not to rule on the transfer motions supported by such an unreliable venue declarant. In these three cases, Apple petitioned for a writ of mandamus and petitioned to stay these cases pending mandamus review.

**Applicable Law**

District courts possess an inherent power to manage their own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). District courts traditionally look to four factors in determining whether a stay is appropriate when an order is subject to appellate review: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

**The Court's Opinion**

All of these factors weigh against a stay.

Apple is Unlikely to Succeed on the Merits

Apple's mandamus petitions are unlikely to succeed because they challenge this Court's inherent power to set a schedule and to order the equivalent of supplemental discovery and briefing.  This Court acted within the Federal Circuit's mandate from *In re SK hynix Inc.*, 835 F. App'x 600, 601 (Fed. Cir. Feb. 1, 2021).  The Federal Circuit order states, "The petition is granted to the extent that the district court must stay all proceedings concerning the substantive issues in the case until such time that it has issued a ruling on the transfer motion capable of providing meaningful appellate review of the reasons for its decision." *Id.* The revised schedule set by this Court defers all substantive motions and hearings in this case until after ruling on the transfer motion.

Apple Will Suffer No Irreparable Injury Absent a Stay.

Without a stay, Apple will incur only the ordinary cost of discovery and proceed in the ordinary course of litigation. There is no irreparable injury—such fact discovery immediately opens when a case is filed in most courts, and costs may be eventually recovered if the litigation is frivolous. The exact outcome—proceeding to fact discovery—will occur regardless of whether this Court transfers any cases.  Fact discovery will begin in this or in another venue.  Indeed, Apple acknowledged this when seeking leave to supplement its transfer motion in the XR Case. *XR Case*, ECF No. 60. During the pendency of mandamus review, this case is unlikely to reach the stage where the Court decides anything dispositive.

Issuing the Stay Will Substantially Injure the Other Parties Interested in the Three Cases

A stay will harm the plaintiffs in these three cases by delaying their cases and denying supplemental discovery that might contradict the unreliable statements of Mr. Mark Rollins. Such actions amount to procedural gamesmanship.  Indeed, the Court revised its OGP because so many

defendants delayed filing a transfer motion to delay *Markman* hearings and the subsequent fact discovery.  *Scramoge Case*, ECF No. 64 at 2–3. The Court views this stay as an effort to hide or delay discovery.

Public Policy Weighs Against a Stay

Neither party benefits from delaying the ordinary course of these cases.  Here, the Court has amended the schedule to ordered what effectively amounts to supplemental discovery and briefing.  Even if the Federal Circuit vacates the amended scheduling orders, this Court intends to order supplemental, expanded venue discovery and supplemental briefing to achieve its goal of having the parties present reliable evidence before this Court rules on the transfer motion. But calling it "supplemental venue discovery" wastes the resources of both parties because it overlaps with fact discovery and invites needless disputes about what is "venue" discovery and what is "fact discovery."  The public has no interest in such inefficient use of anyone's resources.

## **Conclusion**

For the above reasons, this Court **DENIED** the motions to stay these cases.


SIGNED this 30th day of September, 2022.


ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE